1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9         SOUTHERN DISTRICT OF CALIFORNIA
10

11   JEROME L. GRIMES,                    Case No.:  3:25-cv-2150-BEN-VET
12
                          Plaintiff,      **ORDER: (1) DENYING MOTION TO**
13                                        **PROCEED IN FORMA PAUPERIS**
          v.                              **AS BARRED BY 28 U.S.C. § 1915(g)**
14                                        **[ECF No. 2] AND**
15
     COURT JUDGE JOHN DOE OF DEP'T        **(2) DISMISSING CIVIL ACTION**
16   61, MUNICPALITY OF RIVERSIDE         **WITHOUT PREJUDICE FOR**
     COUNTY,                              **FAILURE TO PAY FILING FEE**
17                                        **REQUIRED BY 28 U.S.C. § 1914(a)**
18
                          Defendants.
19
20

21              **I.     INTRODUCTION**

22       Plaintiff, Jerome L. Grimes, a detainee at Larry D. Smith Correctional Facility in

23   Riverside County, has filed a pro se Complaint and a Motion to Proceed *In Forma Pauperis*

24   ("IFP"). ECF Nos. 1, 2. In his Complaint, Plaintiff alleges acts of "conflict of interest,"

25   deliberate indifference and "intimidation" by Defendants. *See* ECF No. 1. For the reasons

26   discussed below, the Court denies Plaintiff's IFP motion and dismisses the case without

27   prejudice.

28   ///

1

## II.   IFP MOTION

2      A.   Standard of Review

3      "All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County*

4  *Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Grimes, however, "face

5  an additional hurdle." *Id.*

6      In addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly

7  installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), the Prison

8  Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to

9  proceed IFP in cases where the prisoner:

10     . . . has, on 3 or more prior occasions, while incarcerated or detained in any
       facility, brought an action or appeal in a court of the United States that was
11     dismissed on the grounds that it is frivolous, malicious, or fails to state a claim
       upon which relief can be granted, unless the prisoner is under imminent
12     danger of serious physical injury.
13

14  28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes'

15  provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). "Pursuant to

16  § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews*

17  *v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (stating that

18  under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely

19  be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to

20  further "the congressional goal of reducing frivolous prisoner litigation in federal court."

21  *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

22      "Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which

23  were dismissed on the ground that they were frivolous, malicious, or failed to state a claim,"

24  *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court

25  styles such dismissal as a denial of the prisoner's application to file the action without

26  prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).

27  When courts "review a dismissal to determine whether it counts as a strike, the style of the

28  dismissal or the procedural posture is immaterial. Instead, the central question is whether

1    the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-*

2    *Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738

3    F.3d 607, 615 (4th Cir. 2013)).

4         Once a prisoner has accumulated three strikes, section 1915(g) prohibits his pursuit

5    of any subsequent IFP civil action or appeal in federal court unless he "makes a plausible

6    allegation that [he] faced 'imminent danger of serious physical injury' at the time of filing."

7    *Cervantes*, 493 F.3d at 1051–52 (quoting 28 U.S.C. § 1915(g)). "[T]he PLRA [also]

8    requires a nexus between [any] alleged imminent danger and the violations of law alleged

9    in the prisoner's complaint." *Ray v. Lara*, 31 F.4th 692, 700 (9th Cir. 2022). Thus, to

10   qualify for an exception, "a three-strikes prisoner must allege imminent danger of serious

11   physical injury that is both fairly traceable to unlawful conduct alleged in his complaint

12   and redressable by the court." *Id.* at 701.

13        B.    <u>Discussion</u>

14        Grimes's allegations are far from clear, but as best the Court can decipher, he seeks

15   to hold Defendants liable for "conflict of interest," "deliberate indifference," and

16   "intimidation." *See* ECF No. 1 at 1. However, Grimes does not include any "plausible

17   allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time

18   of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).

19        Courts "'may take notice of proceedings in other courts, both within and without the

20   federal judicial system, if those proceedings have a direct relation to matters at issue.'"

21   *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*,

22   285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria*

23   *Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).  Therefore, this Court

24   takes judicial notice of federal docket proceedings available on PACER and finds that

25   Plaintiff Jerome L. Grimes, currently identified as Douglas County Jail Inmate

26   #202528807, has filed over 600 civil actions in multiple federal district courts across the

27   / / /

28   / / /

1  country dating back to 1986.[1]

2        These dockets show Grimes has been in and out of state and local custody over the

3  course of more than three decades, and due to his vexatiousness, has been denied leave to

4  proceed IFP while incarcerated pursuant to 28 U.S.C. § 1915(g) in the Northern District of

5  California, Western District of Louisiana, Eastern District of Kentucky, Middle and

6  Northern Districts of Florida, the District of Maryland, and this district. *See e.g.*, *Grimes v.*

7  *Wan, et al.,* Civil Case No. 07-cv-1726-CW (PR), 2007 WL 1988530, at *1 (N.D. Cal. July

8  3, 2007) ("On May 18, 2000, this Court informed Plaintiff that while he is a prisoner, he

9  generally is ineligible to proceed [IFP] in federal court under the 'three-strikes' provisions

10 of 28 U.S.C. § 1915(g).") (citing *Grimes v. Oakland Police Dept.*, C 00-1100 CW (Order

11 Dismissing Complaint, 5/18/00)); *Grimes v. Roman, et al.,* Civil Case No. 17-cv-03288-

12 JSW (N.D. Cal. July 19, 2017) (ECF No. 4) (noting that "[i]n 2003 alone, [Grimes's] failure

13 to comply [with court orders granting leave to pay the full filing fee and to state cognizable

14 claims for relief] resulted in the dismissal of approximately thirty-six actions under §

15 1915(g)."); *Grimes v. Lewis, et al.*, Civil Case No. 5:12-cv-03159-EEF-MLH (W.D. La.

16 March 13, 2013) (ECF No. 16 at 1) ("Court records show that [Grimes] has filed more

17 tha[n] 350 complaints and appeals. Three or more of them have been dismissed as

18 frivolous."); *Grimes v. Medlock*, *et al.*, Civil Case No. 6:15-cv-00140-DCR (E.D. Ky. Sept.

19 16, 2015) ("[T]he federal judiciary's on-line database indicates that 'Jerome L. Grimes'

20 has filed almost 500 civil rights suits in the federal court system, mostly in California.")

21 (ECF No. 8 at 3); *Grimes v. Kelly*, Civil Case No. 6:15-cv-02073-PGB-DAB (M.D. Fla.

22 Dec. 16, 2015) (ECF No. 5 at 2) ("A review of PACER confirms that [Grimes] has filed

23 hundreds of actions in several district courts in the United States and has had three of more

24 cases dismissed for failure to state a claim or as frivolous."); *Grimes v. Files, et al.*, Civil

25 Case No. 3:17-cv-00464-RV-CJK (N.D. Fla. April 12, 2018) (adopting Report &

26

27

28 [1] *See* https://pcl.uscourts.gov/pcl/pages/search/results/parties.jsf?sid=ae66c80e47444979 8769281006232978 (last visited August 25, 2025).

1   Recommendation deny IFP and dismissing civil action under 28 U.S.C. § 1915(g)) (ECF

2   No. 10); *Grimes v. Engram, et al.*, Civil Case No. 8:17-cv-01480-PX (D. Md. June 5, 2017)

3   (denying IFP pursuant to 28 U.S.C. § 1915(g), noting Grimes's eight pending citations

4   related to traffic violations in Montgomery County, Maryland in 2016, and his filing of

5   "hundreds of cases in the federal courts.") (ECF No. 6 at 2); *Grimes v. Enter. Rent-a-Car*

6   *Co. of Los Angeles, LLC*, No. 22-cv-00657-RSH-KSC, 2022 WL 3109570, at *3 (S.D. Cal.

7   Aug. 4, 2022) (denying IFP pursuant to § 1915(g), dismissing case and noting Grimes had

8   previously filed more than 600 civil actions in federal courts).

9          While Grimes' litigation history shows he has not been precluded or dissuaded from

10   filing hundreds of federal civil actions since he was first notified of his ability to further

11   proceed *in forma pauperis* while incarcerated absent any plausible claims of imminent

12   danger, "[t]he point of the PLRA, as its terms show, was to cabin not only abusive but also

13   simply meritless prisoner suits." *Lomax v. Ortiz-Marquez*, 590 U.S. 595, 602–03 (2020).

14   Thus, this Court finds that Plaintiff Jerome L. Grimes, has while incarcerated had far more

15   than three prior civil actions dismissed on the grounds that they were frivolous, malicious,

16   or failed to state a claim upon which relief may be granted.

17          Some specific examples of "strikes" filed and dismissed while Grimes was in

18   custody of the California Medical Facility in Vacaville, California, and the Orange County

19   Corrections Department in Orlando, Florida are:

20          (1)    *Grimes v. Cal. Dept. of Corrections, et al.*, Civil Case No. 2:00-cv-00668-

21   WBS-JFM (E.D. Cal. May 2, 2000) (Order granting IFP and dismissing complaint *sua*

22   *sponte* with leave to amend for "fail[ing] to state a cognizable claim for relief" pursuant to

23   28 U.S.C. § 1915A(b)) (ECF No. 5); *id.*, (E.D. Cal. June 22, 2000) (Findings and

24   Recommendations ["F&Rs"] to dismiss civil action for failure to amend) (ECF No. 7); *id.*,

25   (E.D. Cal. Aug. 8, 2000 Order adopting F&Rs and dismissing action) (ECF No. 9);[2]

26   _____

27

28   [2] *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) ("[W]hen (1) a district court
     dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave

1    (2)    *Grimes v. CDC-CMF/Dept. of Mental Health, et al.*, Civil Case No. 2:00-cv-

2    00781-DFL-DAD (E.D. Cal. April 24, 2000) (F&R granting IFP and to dismiss complaint

3    sua sponte pursuant to 28 U.S.C. § 1915A as frivolous and for failing to state a claim) (ECF

4    No. 4); *id.*, (E.D. Cal. June 22, 2000) (F&Rs to dismiss civil action for failure to amend)

5    (ECF No. 6); *id.* (E.D. Cal. Aug. 17, 2000) (Order adopting F&Rs and dismissing action)

6    (ECF No. 7);

7    (3)    *Grimes v. Kelly*, Civil Case No. 6:15-cv-01955-RBD-GJK (M.D. Fla. Nov.

8    30, 2015) (Order denying IFP and dismissing complaint requesting Defendant police

9    officer be subject to random drug and lie detector tests and to be "prosecuted paramilitarily"

10    "for fai[ing] to provide a … claim for relief.") (ECF No. 3);

11    (4)    *Grimes v. Williams, et al.*, Civil Case No. 1:15-cv-03848-JKB (D. Md. Dec.

12    23, 2015) (Memorandum and Order granting IFP and dismissing complaint for failing to

13    state a claim for relief) (ECF Nos. 3, 4); and

14    (5)    *Grimes v. Tate, et al.*, Civil Case No. 1:15-cv-03849-JKB (D. Md. Dec. 23,

15    2015) (Memorandum and Order granting IFP and dismissing complaint for failing to state

16    a claim for relief) (ECF Nos. 3, 4).

17    Accordingly, because Grimes has, while incarcerated, accumulated far more than

18    the three "strikes" permitted by 28 U.S.C. § 1915(g), and he fails to make any "plausible

19    allegations" that he faced imminent danger of serious physical injury at the time he filed

20    his Complaint, he is not entitled to the privilege of proceeding IFP in this civil action. *See*

21    *Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999)

22    (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts;

23    it only precludes prisoners with a history of abusing the legal system from continuing to

24    abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231

25

26    _____

27    to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts

28    as a strike under § 1915(g).").

3:25-cv-2150-BEN-VET

1    (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not

2    right.").

### III.    CONCLUSION AND ORDER

For the reasons discussed above, the Court **DENIES** Grimes's Motion to Proceed IFP (ECF No. 2) as barred by 28 U.S.C. § 1915(g); **DISMISSES** this civil action without prejudice based on Grimes's failure to pay the full statutory and administrative $402 civil filing fee required by 28 U.S.C. § 1914(a); **CERTIFIES** that an IFP appeal from this Order would be frivolous and not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and **DIRECTS** the Clerk of the Court to close the case.

**IT IS SO ORDERED**.

Dated: August 26, 2025

Hon. Roger T. Benitez
United States District Judge